NicholsoN, C. J.,
delivered the opinion of the court.
This is an action of trespass on the case commenced in the Circuit Court of Union county in February, 1861, by Rogers, in which he claims $6,000 as damages for the burning and robbing of his storehouse and goods by two slaves belonging to Sweat. There are three counts in the declaration'. The first two allege that the slaves were of bad character for stealing and pilfering, and that Sweat, being their owner, was cognizant of their vicious character and habits, and allowed them to go abroad, and did not prevent them from practicing their stealing propensities, and therefore that he is responsible for the damages. The third count alleges that the slaves, with the knowledge, indulgence, permission, allowance, and instigation of Rogers, set fire to the store-house of Sweat, by which the house and many of the goods, wares, etc., therein were consumed, and that those chattels in the house not so consumed the said slaves did steal, take, and carry away to the damage of the said Rogers, $6,000.
The defendant pleads not guilty, and, upon a trial, the jury found a verdict for the plaintiff for $6,000. Motions for a new trial and in arrest of judgment *119 were overruled, and defendant appealed in error to this court.
The motion in arrest of judgment was properly overruled. The affidavits for a new trial were not sufficient, and the reasons in arrest of judgment were not well taken. We hold that the first two counts do not contain the necessary allegations to make the defendant liable for the trespass and felonies of his slaves: Wright v. Weatherly, 7 Yerg., 369; but the allegation in the third count, that the burning and stealing by the slaves was with the knowledge, indulgence, permission, allowance, and instigation of defendant, was sufficient, and therefore the motion in arrest of judgment was properly overruled.
It does not appear from the bill of exceptions that it contains all the evidence in the case. We are bound, therefore, to presume that the verdict was supported by the evidence. But this will not cure errors in - the admission or rejection of evidence which was material to the issue, nor errors of law in the charge of the court, which we can see might have misled them in rendering their verdict.
Many such errors are relied on for a reversal, but we deem it unnecessary to notice all of them.
1. It appears from the bill of exceptions that the court allowed the declarations of the two slaves, charged with the burning and stealing, as well as of other slaves of defendant, made after the house was burned and the goods stolen, to be given in evidence against the objections of the defendant. It is insisted that it was error to admit these declarations until *120 there was other evidence showing, or tending to show, the existence of a conspiracy between defendant and the said slaves to commit the trespass. It is certainly the better practice to require at least a prima facie case of conspiracy to be made out before such evidence is admitted; but this is a matter within the discretion of■ the court below, and, unless we should clearly see that his discretion had been abused to the injury of the defendant, we could not hold it' to be a reversible error. We find that the Judge instructed the jury that, if the evidence did not satisfy them of the existence of the conspiracy, they should disregard the declaration of the slaves objected to. The next objection to these declarations of the slaves is, that they were made after the burning of the house and the stealing of the goods, and therefore that they were not competent evidence even upon the hypothesis that there was a conspiracy. The conspiracy charged in the declaration is, that the two slaves, at the instigation of defendant, did set fire to the store-house, and did steal, take, and carry away the goods not consumed by the fire. The common design averred is, to do the burning and stealing. Mr. Greenleaf, vol. 1, s. Ill, says: “Care must be taken that the acts and- declarations thus admitted be those only which were made and done during, the pendency of the criminal enterprise and in furtherance of its objects. If they took place at a subsequent period, and are therefore merely narrative of past occurrences, they are, as we have just seen, to be rejected.” The averment in the declaration is specific *121 as to wbat the enterprise was in which the two slaves engaged at the instigation of the defendant; it was to burn the store-house of complainant and steal his goods. When the house was burned and the goods not consumed were stolen, taken, and carried away, the enterprise was at an end, and after that time no acts or declarations of the slaves were competent evidence.
This objection, therefore, to the admission of the acts and declarations of the slaves was well taken, and the evidence erroneously admitted..
2. It appears from the bill of exceptions that the plaintiff read the deposition of a witness, named O’Fallon, who had not been cross-examined by the defendant.
He resided in Knox county, and his evidence was material on the issue. Defendant had a subpoena issued and executed on him, requiring him to appear in person at the trial for the purpose of being cross-examined in open court. He appeared at the trial, and when his deposition was read, the defendant called him for the purpose of cross-examination; but the Judge ruled that if defendant examined him at all he must be examined as the witness of defendant. Upon this ruling the defendant declined to examine the witness. This is relied on by defendant as error. This question depends upon the proper construction of -the several provisions of the Code on the subject. By s. 3836 it is provided that when the witness resides in the State, but not within the limits of the county in which the suit is pending, his deposition may be *122 taken, but the adverse party may, if he desire to have the witness examined in open court, cause him to be subpoenaed. The object of this section was two-fold— first, to authorize the taking of the depositions of witnesses living in different counties from that in which the suit is pending; and, second, to reserve to the adverse party the right still to subpoena the witness and examine him in open court.
In such a case, whether the adverse party has cross-examined the witness or not, he may subpoena the witness and cross-examine him in court, and he does not thereby make him his witness.
In the case of Ford v. Ford, 11 Hum., 89, the court so held in construing the act of 1817, c. 189, which is similar in its provisions to the section of the Code above referred to. By s. 3842 it is provided that "if the adverse party should desire to have any witness examined in open court whose deposition has been taken, he may compel the attendance of such witness as in other cases, unless the witness is exempted by law from the usual penalties.” This is merely an extension of the provisions of s. 3836, enabling the adverse party to compel the attendance of such witness, and subjecting him to the usual penalties of witnesses for failing to obey subpoenas. When such witness is brought into court under this section, or under s. 3836, he continues to be the witness of the party who took his deposition, and is subject to cross-examination as such. It was, therefore, error in the Circuit Judge to rule that if defendant examined the witness O’Eallon he would make him his own witness.
*123 3. It is assigned as error that the Circuit Judge-instructed the jury that if the proof did not first satisfy them that there existed a conspiracy between the defendant and his negroes to commit the injuries alleged, the jury must reject their declarations. The objection taken to this charge is, that the Judge may have misled the jury by failing to explain to them that they should be satisfied of the existence of the alleged conspiracy by other proof than the declaration of the negroes. We can very well see how the generality of this charge may have made a wrong impression on the jury; but we are not prepared to hold that this was an error for which we could reverse, inasmuch as the defendant asked no explanation of the charge by the Judge. But as the other errors, indicated require a reversal of the judgment, this objection to the charge becomes immaterial.
Let the judgment be reversed ' and a new trial awarded.